UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER FITZGERALD RHYNES, )
     ) NO. CV-07-433-LRS
    Petitioner, )
     ) **ORDER DENYING**
  v. ) **§2254 PETITION**
     )
IVAN CLAY, )
     )
    Respondent. )
_____ )

**BEFORE THE COURT** is the Petitioner's Petition for Habeas Corpus Relief pursuant to 28 U.S.C. Section 2254 (Ct. Rec. 1).

## I. DISCUSSION

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d).

Under Section 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and

**ORDER DENYING**
**§2254 PETITION -**      **1**

nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The term "unreasonable application" has a meaning independent from that of the term "contrary to." A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making an "'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. This is a "'highly deferential standard for evaluating state court rulings'" and "'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003)(citations omitted).

In determining whether a state court decision is "contrary to" or an "unreasonable application" of federal law under §2254(d)(1), the federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005); *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). In the captioned matter, the last reasoned state court decision is that rendered by the California Court of Appeal, Third Appellate District, in *People v. Rhynes*, 2005 WL 2885839 (November 3, 2005).[1] The California Supreme Court subsequently and summarily denied

---

[1] The court may cite this "unpublished" decision because it is relevant under the doctrine of law of the case and because it states reasons for a decision affecting the same defendant or respondent in another action. Cal. Rules of Court, Rule 8.1115(b)(1) and (2).

**ORDER DENYING**
**§2254 PETITION -** 2

Petitioner's petition for review in a decision filed February 8, 2006.

**A. Sufficient Evidence To Support Conviction (Grounds 1 and 2)**

Under clearly established Supreme Court case law, due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof- defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781 (1979). Under 28 U.S.C. §2254(d)(1), the inquiry is whether a state court determination that the evidence was sufficient to support a conviction was an "objectively unreasonable" application of *Jackson*. *Sarausad v. Porter*, 479 F.3d 671, 677 (9th Cir. 2007), *vacated in part and denial of rehearing en banc by* 503 F.3d 822 (9th Cir. 2007), *reversed and remanded on other grounds by Waddington v. Sarausad*, S.Ct. , 2009 WL 129033 (Jan. 21, 2009). A state court's resolution of a *Jackson* sufficiency-of-the-evidence claim is evaluated in all cases under § 2254(d)(1). 479 F.3d at 678.[2]

Here, there was sufficient evidence to support the Sacramento County Superior Court jury's conviction of Petitioner for one count of attempted murder, one count of battery resulting in serious bodily injury, and one count of assault with a deadly weapon. The reasoning of the California Court of Appeal, Third Appellate District, in affirming the jury determination, *People v. Rhynes*, 2005 WL

---

[2] §2254(d)(2) does not apply because under *Jackson*, a court makes no "determination of the facts" in the ordinary sense of resolving factual disputes. The court views the evidence in the light most favorable to the prosecution without resolving any disputed factual questions. Under *Jackson*, a federal court does not decide whether the state court unreasonably determined disputed facts, but whether the state court unreasonably applied the *Jackson* test of "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sarausad*, 479 F.3d at 677-78.

**ORDER DENYING**
**§2254 PETITION -** 3

2885839 at *6-7, is not contrary to, and does not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States in *Jackson v. Virginia*.

Because there was sufficient evidence to support Petitioner's conviction for attempted murder, there is no merit to his contention that said conviction should be reduced to attempted voluntary manslaughter. Petitioner's jury was instructed on this lesser included offense, but rejected it, concluding that Petitioner had acted with express malice aforethought. The reasoning of the California Court of Appeal, Third Appellate District, in affirming this jury determination, *People v. Rhynes*, 2005 WL 2885839 at *7-8, is not contrary to, and does not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States.

### B. Exclusion Of Prior Convictions (Ground 3)

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." The U.S. Supreme Court has explained that the right of confrontation "means more than being allowed to confront the witness physically," but rather [t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315-16, 94 S.Ct. 1105 (1974). The Confrontation Clause does not prevent a trial judge from imposing "reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431 (1986).

Here, the trial court imposed "reasonable limits" on the cross-examination of the victim by limiting the impeachment effort to one of the victim's petty theft convictions, *People v. Rhynes*, 2005 WL 2885839 at *9. It also imposed

**ORDER DENYING**
**§2254 PETITION -** 4

"reasonable limits" on the cross-examination of the witness, Timothy Wellington, by precluding use of his 1985 felony conviction to impeach him. *Id*. The decision of the California Court of Appeal, affirming the trial court's determinations in this regard, is not contrary to, and does not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States.

### C. Double Jeopardy (Ground 4)

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause protects against a second prosecution, and multiple punishments, for the same offense. *Witte v. United States*, 515 U.S. 389, 396, 115 S.Ct. 2199 (1995).

Defendant was sentenced to a prison term of eleven years. For the attempted murder conviction, Petitioner was given the mid-level term of seven years, plus three years for the great bodily injury enhancement, and one year for the personal use of a deadly weapon enhancement. The trial court stayed all sentences and enhancements on the battery and assault convictions. *People v. Rhynes*, 2005 WL 2885839 at *1. Defendant asserts the battery and assault convictions should be vacated as violating his right not to be held in double jeopardy because those convictions, as proven with their enhancements (serious bodily injury and use of a deadly weapon), were necessarily included offenses in the attempted murder conviction, as proven with its enhancements of great bodily injury and the use of a deadly weapon. Defendant contends sentence enhancements should be considered when determining whether a crime is a necessarily included offense within another for the purpose of prohibiting multiple convictions.

Federal law does not bar multiple punishment for multiple crimes committed in a single incident. Under *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180 (1932), if "the same act or transaction constitutes a violation of two

**ORDER DENYING**
**§2254 PETITION -** 5

distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Legislative intent determines the question of multiple punishment. *Missouri v. Hunter*, 459 U.S. 359, 366-68, 103 S.Ct. 673 (1983).

Based on its examination of legislative intent, the California Court of Appeal found that a sentence enhancement under the California Penal Code is not an element of the crime. As a result, the three offenses of which Petitioner was convicted are not "necessarily included" because each offense can be committed without committing either of the other two offenses. In other words, battery resulting in serious bodily injury, and assault with a deadly weapon, are offenses distinct from each other, and from attempted murder. "Attempted murder can be committed without committing a battery and without using a deadly weapon. Battery causing great bodily injury can be committed without the use of a deadly weapon. And an assault does not require proof of a battery." *People v. Rhynes*, 2005 WL 2885839 at *11.

This court is unaware of, and has not found, any Supreme Court authority standing for the proposition that sentence enhancements are to be considered as elements of the offense for the purposes of the Double Jeopardy Clause. Indeed, the U.S. Supreme Court has held that double jeopardy implications do not apply to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an offense. *Monge v. California*, 524 U.S. 721, 726, 118 S.Ct. 2246 (1998).

The determination by the California Court of Appeal that the sentence enhancements do not constitute elements of the offenses of which the Petitioner was convicted, and that those offenses are distinct in that each offense can be committed without committing either of the other two offenses, is not contrary to,

**ORDER DENYING**
**§2254 PETITION -** 6

or an unreasonable application of, clearly established law as determined by the Supreme Court of the United States.

## II. CONCLUSION

For the foregoing reasons, Petitioner's §2254 Petition (Ct. Rec. 1) is **DENIED**.[3]

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and forward a copy to the Petitioner and to counsel for the Respondent. Judgment shall be entered accordingly.

**DATED** this  2nd  day of March, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

---

[3] In his "Traverse" (Ct. Rec. 14) at p. 2, Petitioner withdraws Ground 5 of his Petition.

**ORDER DENYING
§2254 PETITION -          7**